# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:04CR00009-001 |
| v. | ) | **OPINION** |
| | ) | |
| **TRADON MARQUEZ DRAYTON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Tradon Marquez Drayton, Pro Se.*

The defendant, Tradon Marquez Drayton, sentenced to prison by this court in 2006, has filed a pro se motion entitled "Motion for Writ of Audita Querela Pursuant to 28 U.S.C. § 1651(a)," in which he requests the court to reconsider a Motion to Dismiss denied prior to his trial.

Drayton was convicted by a jury and on appeal, the judgment was affirmed. *United States v. Drayton*, 267 F. App'x 192 (4th Cir. 2008) (unpublished). His later motion under 28 U.S.C.A. § 2255 (West Supp. 2012) was denied. *United States v. Drayton,* No. 1:04CR00009, 2010 WL 4136144 (W.D. Va. Oct. 21, 2010), *appeal dismissed*, 415 F. App'x 490 (4th Cir. 2011).

Common law writs under the All Writs Act are not available to a defendant to raise claims that were or could have been raised through other remedies, such as

a motion for new trial or a motion to vacate sentence under 28 U.S.C.A. § 2255. *See, e.g., United States v. Johnson,* 237 F.3d 751, 755 (6th Cir. 2001) (writ of error coram nobis); *United States v. Valdez–Pacheco,* 237 F.3d 1077, 1080 (9th Cir. 2001) (writ of audita querela). Because the defendant's challenge to the legality of his sentence could have been raised in a § 2255 motion, the defendant cannot recast the claim as arising under § 1651. I will thus treat his motion as one under § 2255.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See 28 U.S.C.A. § 2255(h). The defendant previously filed a § 2255 motion concerning this same conviction and sentence. Because the defendant offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2255 motion, I must dismiss his current action without prejudice. A separate order will be entered.

DATED: August 20, 2012

/s/ James P. Jones
United States District Judge